UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PEGGY SUE DEUSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No: 3:10-cv-0181 |
| vs. | ) |
| | ) |
| | ) Judge: Haynes |
| TENNESSEE TITLE LOANS, INC., | ) |
| COMMUNITY LOANS OF AMERICA, | ) |
| INC., and ROBERT I. REICH, | ) |
| | |
| Defendants. | |

## CASE MANAGEMENT ORDER NO. 1

### I. JURISDICTION AND VENUE

The Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331. Jurisdiction and venue are not disputed.

### II. PARTIES' THEORIES OF THE CASE

#### A. Plaintiff's Theory of the Case

Within the last three years and within the last two years, Plaintiff was employed in a business owned and operated by Defendants and known as "Tennessee Title Loans." The business was located on Charlotte Pike in Nashville, Davidson County Tennessee. While Plaintiff was employed at Tennessee Title Loans, she received pay checks from an account held by Defendant Tennessee Title Loans, Inc. The address for Defendant indicated on the checks was 8601 Dunwoody Place, Suite 406, Atlanta, Georgia, which is the same address listed with the Georgia Secretary of State by Defendant Community Loans of America, Inc. Defendant Tennessee Title Loans, Inc. also lists this address as its principal office address with the Tennessee Secretary of State. There is common ownership and financial control between

Defendants Tennessee Title Loans, Inc. and Community Loans of America, Inc. The operations of the two companies are interrelated, and the two companies have common management and common control of labor relations. Accordingly, the two corporate Defendants are an integrated enterprise and are joint employers of Plaintiff. This enterprise had annual gross volume of sales that exceeded $500,000.00

Defendant Robert I. Reich was Chief Executive Officer and a majority shareholder of both corporate Defendants, and he had operational control of the Defendant corporations at the time of the FLSA violations described herein. Accordingly, Defendant Reich is individually liable, jointly and severally, for violations of the Fair Labor Standards Act ("FLSA").

While Plaintiff was employed by Defendants, she was an hourly employee who was entitled to overtime wages at a rate of one and one-half times her regular rate of pay for hours worked over 40 in a given workweek, pursuant to Section 207 of the FLSA. While Plaintiff was employed by Defendants, she consistently worked more than 40 hours per workweek, but was not paid overtime wages at a rate of one and one-half times her regular rate of pay for all hours worked over 40 in a given workweek as required by Section 207 of the FLSA.

Defendants' violations of Section 207 of the FLSA were willful. Specifically, Defendants were well aware of their obligations to pay Plaintiff overtime pursuant to the FLSA. In the alternative, Defendants failed to investigate their legal obligations under the FLSA with respect to Plaintiff, thereby showing reckless disregard for their legal obligations. Defendants' violations of Section 207 of the FLSA were not in good faith.

As a result of Defendants' failure to comply with Section 207 of the FLSA, Defendants are liable to Plaintiff for overtime back pay. In addition to the amount of unpaid overtime wages owing to Plaintiff, Plaintiff is also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. Section 216(b). Plaintiff is entitled to an award of attorney's fees pursuant

to 29 U.S.C. Section 216(b).

### B. Defendants' Theory of the Case

Defendants deny that Plaintiff has stated a claim upon which relief can be granted. More specifically, Plaintiff has failed to plead facts sufficient to support her claim under the Fair Labor Standards Act under standards set forth in Twombly and Iqbal. Defendants deny that they violated the Fair Labor Standards Act and assert that Plaintiff was properly compensated for all hours worked, including compensation at a rate of one and half times her regular rate of pay for hours worked in excess of forty (40) in a workweek, if and when such compensation was required by the statute. In addition, Defendants deny that Robert Reich is an "employer" as that term is defined by the Fair Labor Standards Act and, accordingly, is not subject to liability under the statute. Defendants reserve the right to amend or supplement this response should there be the need for an Answer to be filed in this case.

## III. SCHEDULE OF PRETRIAL PROCEEDINGS

This Court should note that the Defendants filed a Motion to Dismiss the Complaint for Failure to State a Claim. The Court granted the parties' Joint Motion to Extend Plaintiff's Deadline to Respond to the Motion until April 23, 2010, so that the parties could discuss potential early resolution of this matter.

### A. Rule 26(a)(1) Disclosure

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within thirty (30) days from the date of the initial case management conference.

### B. Meeting of Counsel and Parties to Discuss Settlement Prospects

Ninety (90) days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this

litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolutions ("ADR") procedures under the local rules would further assist the parties in resolving this matter.

C. **Other Pretrial Discovery Matters**

As determined at the case management conference on **Monday, April 19, 2010**, this action is set for trial on _January 18, 2011 at 9:00 am_

If this action is to be settled, the Law Clerk shall be notified by noon, _January 14, 2011_ If the settlement is reached thereafter, resulting in the non-utilization of jurors, the cost of summoning jurors may be taxed to the parties dependent upon the circumstances.

A final pretrial conference shall be held on _January 7, 2011 at 3:00pm_. A proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed by the close of business on **October 19, 2010**. All written discovery shall be submitted in sufficient time so that the response shall be in hand by **October 19, 2010**. All discovery related statements shall be filed by the close of business on **October 26, 2010**. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

*including Daubert motions* [handwritten annotation]

All dispositive motions[1] shall be filed by the close of business on **November 19, 2010**, and any responses thereto shall be filed by the close of business on **December 19, 2010**. Any reply shall be filed by the close of business on **January 3, 2010**.[2] **Counsel shall e-mail memoranda of law and responses to statements of undisputed facts to the Court's chambers in Megan_Gregory@tnmd.uscourts.gov.**

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in the delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

The response time for all written discovery and requests for admission is reduced from thirty (30) to twenty (20) days.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 33.01, Local Rules of Court (effective March 1, 1994) shall govern.

By the close of business on **August 19, 2010**, the Plaintiff shall disclose to the Defendants (<u>not</u> file with the Court) the identity of her expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By the close of business on **September 19, 2010**, the Defendant shall declare to the Plaintiff (<u>not</u> file with the Court) the identity of its expert witness and provide all information

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court.

[2] Strict compliance is required to Local Rule 56.01(b), Local Rules of Court relating to motions for summary judgment.

specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on **October 19, 2010**. There shall not be any rebuttal expert witnesses.

In order to reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses.

Local Rule 39.01(c)(6)c relating to expert witnesses shall apply in this action, and strict compliance is required.

The parties do not anticipate that there will be any significant discovery of electronically stored information.

It is so **ORDERED**.

ENTERED this 19th day of April, 2010.

                              WILLIAM J. HAYNES, JR.
                              United States District Judge

**APPROVED FOR ENTRY:**

s / R. Scott Jackson, Jr.
R. Scott Jackson, Jr., #13839
Attorney at Law
144 Second Avenue North, Suite 450
Nashville, TN 37201
(615) 313-8188

Attorney for Plaintiff